UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BONNIE HEATHER MILLER;
ROBERT WILLIAM ALLEN;
ADELLA DOZIER GRAY; and
ARKANSAS VOTERS FIRST                                                                  PLAINTIFFS

v.                                       No. 5:20-CV-05070

JOHN THURSTON, in his official
capacity as Secretary of State of Arkansas                                              DEFENDANT

## JUDGMENT

Pursuant to the opinion and order (Doc. 41) entered on May 25, 2020, and the order entered this same day, IT IS HEREBY ADJUDGED that Plaintiffs should have permanent injunctive relief on their First and Fourteenth Amendment claims, and the Secretary of State for the State of Arkansas is ENJOINED as follows:

While the Secretary of State may continue to accept signatures in support of initiative petitions that are obtained and verified under the State's present framework, for so long as Arkansas law requires initiative petitions to be signed in the presence of a canvasser and supported by a sworn affidavit, the Secretary of State must accept as compliant with Arkansas law any petitioner signatures and signature pages in support of an initiative petition that were not circulated and signed in the presence of a canvasser and any canvasser affidavits that, if unsworn, are declarations made under penalty of perjury, so long as all other requirements that do not conflict with the Court's orders in this case are sufficiently met and:

• For those signature pages bearing signatures that were not made by petitioners in the presence of a canvasser, the paragraph at the top of the signature page is replaced with a paragraph that substantially follows the form of the paragraph in Ark. Code Ann. § 7-9-104, and also

includes:

>(1) a statement from the petitioner that states that the popular name, ballot title, and text of the initiative were made available to him or her for review prior to signing;
>
>(2) a statement from the petitioner that demonstrates that he or she understands what acts on his or her part might constitute petition fraud; and
>
>(3) a statement from the petitioner that if he or she received assistance due to disability in filling out personal information, the person assisting has signed in the margin,

such as the following paragraph (with blanks filled in appropriately):

>>To the Honorable _____, Secretary of State of the State of Arkansas: We, the undersigned registered voters of the State of Arkansas, respectfully propose the following amendment to the Constitution of the State, and by this, our petition, order that the same be submitted to the people of said state, to the end that the same may be adopted, enacted, or rejected by the vote of the registered voters of said state at the regular general election to be held on the ___ day of _____, _____, and each of us for himself or herself says:
>>
>>I have personally signed this petition; I am a registered voter of the State of Arkansas, and my printed name, date of birth, residence, city or town of residence, and date of signing this petition are correctly written after my signature.
>>
>>The popular name, ballot title, and text of the initiative were made available to me for review before I signed this petition.
>>
>>I understand that it is a crime to sign a name other than my own to this petition, to sign a petition in support of this initiative more than one time, or to sign this petition when I am not legally entitled to do so.  If due to disability I required assistance writing my printed name, date of birth, residence, city or town of residence, county of residence, or date of signing, the person who assisted me has signed and printed his or her own name in the margin of the petition next to my signature line.
>>
>>The popular name is _____ and the ballot title is _____.

and;

- For those signature pages that are not signed and sworn by the canvasser before a notary public, the affidavit section for the canvasser instead reads (with blanks filled in appropriately and, if later amended or renumbered, substitution of citations to the appropriate statutes):

> <u>Canvasser's Unsworn Declaration Under Penalty of Perjury</u>
>
> I, _____, declare under penalty of perjury under the law of Arkansas that to the best of my knowledge and belief, each of the foregoing persons signed his or her own name to this sheet of the petition, each signature is genuine, and each signer is a registered voter of the State of Arkansas, in the County listed.  To the best of my knowledge, this signature sheet was provided to each signer in a manner that also provided to him or her an exact copy of the popular name, ballot title, and text of the initiative.  I am familiar with the acts by canvassers and sponsors that are criminalized under Ark. Code Ann. § 5-55-601 and Ark. Code Ann. § 7-9-103, and have committed none of those acts.  My current residence address is correctly stated below.
> Signature _____
> Current Residence _____
> Indicate one:(__) Paid Canvasser (__) Volunteer/Unpaid Canvasser

In all cases where the Secretary of State reasonably believes his or her duties are ambiguous or otherwise not sufficiently clear because of the interplay of the injunctive relief ordered herein, the Court's findings on the unconstitutional nature of the in-person signing and sworn affidavit requirements of Arkansas law, and the unenjoined requirements of Arkansas law, the Secretary of State should interpret the law and this injunction in a way that causes him or her not to reject initiative petition signatures, signature pages, or petition parts because they were not signed in the presence of the canvasser or because the canvasser's unsworn declaration was not sworn in the presence of a notary.

IT IS SO ADJUDGED this 29th day of May, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE